**Part 1—Preliminary Instructions**
1. Duties of the Jury
2. Nature of Indictment; Presumption of Innocence
3. Preliminary Statement of Elements of Crime
4. Evidence; Objections; Rulings; Bench Conferences
5. Credibility of Witnesses
6. Conduct of the Jury
7. Notetaking
8. Outline of the Trial

**Part 2—Instructions Concerning Certain Matters of Evidence**
9. Stipulations
10. Judicial Notice
11. Impeachment by Prior Inconsistent Statement
12. Caution as to Cooperating Witness/Accomplice
13. Use of Audio Recordings and Transcripts
14. Statements of the Defendant
15. Definition of "Knowingly"
16. "Willful Blindness" As a Way of Satisfying "Knowingly"
17. Definition of "Willfully"

**Part 3—Final Instructions: General Considerations**
18. Duty of the Jury to Find Facts and Follow Law
19. Presumption of Innocence; Proof Beyond a Reasonable Doubt
20. What Is Evidence; Inferences
21. Kinds of Evidence: Direct and Circumstantial
22. Credibility of Witnesses
23. What Is Not Evidence
24. Various Ways of Proving Knowledge and Intent

**Part 4- Elements of the Offenses**
25. Conspiracy
26. Elements of the Crime of Conspiracy
27. First Element: Existence of a Conspiracy
28. Second Element: Membership in the Conspiracy
29. Third Element: Objects of Conspiracy
30. Fourth Element: Overt Act
31. Elements of Bulk Cash Smuggling
32. Aiding and Abetting (18 U.S.C. § 2)

**Part 5 - Final Instructions: Deliberations and Verdict**
33. Foreperson's Role; Unanimity
34. Consideration of Evidence
35. Reaching Agreement
36. Return of Verdict Form
37. Communication with the Court

## PART 1—PRELIMINARY INSTRUCTIONS

**No. 1 - Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Source: First Circuit Pattern Jury Instruction 1.01 (updated 10/5/2012)

**No. 2 - Nature of Indictment; Presumption of Innocence**
This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by assistant United States attorneys, Neil Gallagher and Justin O'Connell. The defendant, Jamie Melo, is represented by his lawyers, Gary Pelletier and John Zajac.

The Defendant has been charged by the government with violation of a federal law. He is charged with bulk cash smuggling, structuring of monetary instruments, and conspiracy to commit bulk cash smuggling and the structuring of monetary instruments. The charges against the Defendant are contained in the indictment. The indictment is simply the description of the charge against the Defendant; it is not evidence of anything.  The Defendant pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven hisguilt beyond a reasonable doubt.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 1.02 (updated 7/27/2007)

**No. 3 - Preliminary Statement of Elements of Crime**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

Count One – Conspiracy against the United States

    (1) that the conspiracy charged in the indictment existed, and

    (2) that the Defendant joined the conspiracy knowingly and intentionally,

    (3) with the intent that the conspiracy succeed; and

    (4) that a conspirator committed an overt act in furtherance of the conspiracy.

Count Two – Bulk Cash Smuggling

    (1) that the Defendant knowingly concealed more than $10,000 in U.S. currency;

    (2) that the Defendant transported or attempted to transport that U.S. currency from a place within the United States to Portugal;

    (3) that the Defendant knew that he was required to file a currency transaction report; and

    (4) that the Defendant intended to evade filing such a report.

Count Three – Structuring to Avoid Reporting Requirements

    (1) that the Defendant structured or assisted in structuring the exportation of a monetary instrument; and

    (2) that the Defendant did so with the purpose of evading the more than $10,000 reporting requirement.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Source: First Circuit Pattern Jury Instruction No. 1.04 (Updated: 6/14/2002)

**No. 4- Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both

direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Source: First Circuit Pattern Jury Instruction No. 1.05 (updated 6/14/2002)

**No. 5 - Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 1.06 (updated 6/14/2002)

**No. 6 - Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, listen to any radio or television reports about the case or about anyone involved with it, and most importantly avoid looking at or reading any news stories or social media postings about the case on the internet, phone, or any electronic device;

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 1.07 (updated 4/29/2013)

**No. 7 - Notetaking**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 1.08 (updated 6/14/2002)

**No. 8 - Outline of the Trial**

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the Defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the Defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the Defendant's lawyer may make an opening statement and present evidence in the Defendant]'s behalf, but he is not required to do so. I remind you that the Defendant is presumed innocent, and the government must prove the guilt of the Defendant beyond a reasonable doubt. The Defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the Defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 1.09 (updated 6/14/2002)

## PART 2 - INSTRUCTIONS CONCERNING
## CERTAIN MATTERS OF EVIDENCE

**No. 9 - Stipulations**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.01 (updated 6/3/2009)

**No. 10 - Judicial Notice**

I believe that the federal reporting requirements for transporting more than $10,000 in U.S. currency out the United States can be so accurately and readily determined that it cannot be reasonably disputed. You may, therefore, reasonably treat this fact as proven, even though no evidence has been presented on this point.

As with any fact, however, the final decision whether or not to accept it is for you to make. You are not required to agree with me.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.02 (updated 6/14/2002)

**No. 11 - Impeachment by Prior Inconsistent Statement (as necessary)**

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as [his/her] testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.03 (updated 6/14/2002)

**No. 12 - Caution as to Cooperating Witness/Accomplice/Immunized Witness**
You have heard the testimony of [name of witness]. [He/She]: (1) provided evidence under agreements with the government; and/or (2) participated in the crime charged against [defendant]; and/or (3) testified under a grant of immunity.

"Immunity" means that the witness's testimony may not be used against [him/her] in any subsequent criminal proceeding. However, if [he/she] testified untruthfully, [he/she] could be prosecuted for perjury or making a false statement, even though [he/she] was testifying under a grant of immunity.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of [name of witness] with particular caution. [He/She] may have had reason to make up stories or exaggerate what others did because [he/she] wanted to help [him/her]self.

You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits [he/she] has received from the government as a result of being immunized from prosecution.]

Source: First Circuit Pattern Jury Instruction No. 2.08 (updated 4/1/2015)

**No. 13 - Use of Audio Recordings and Transcripts**

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the audio recording is played. The transcript is merely to help you understand what is said on the recording. If you believe at any point that the transcript says something different from what you hear on the recording, remember it is the recording that is the evidence, not the transcript. Any time there is a variation between the recording and the transcript, you must be guided solely by what you hear on the recording and not by what you see in the transcript.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.09 (updated 11/7/2012)

**No. 14 - Statements by Defendant**
You have heard evidence that the Defendant made statements in which the government claims he admitted certain facts.

It is for you to decide (1) whether the Defendant made the statements, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statements.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.11 (updated 5/18/2017)

**No. 15 - Definition of "Knowingly"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.15 (updated 10/5/2012)

**No. 16 - "Willful Blindness" As a Way of Satisfying "Knowingly"**

In deciding whether the Defendant acted knowingly, you may infer that the Defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the Defendant was aware of a high probability that the envelopes he accepted from Carlos Rafael on November 10, 2015 together contained more than $10,000 in U.S. currency. Second, that the Defendant consciously and deliberately avoided learning of that fact. That is to say, the Defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence, recklessness or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

Source: First Circuit Pattern Jury Instruction No. 2.16 (updated 12/15/2017)

**No. 17 - Definition of "Willfully"**

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 2.17 (updated 6/4/2014)

## PART 3 - FINAL INSTRUCTIONS: GENERAL CONSIDERATIONS

**No. 18 - Duty of the Jury to Find Facts and Follow Law**
It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 3.01 (updated 6/14/2002)

**No. 19 - Presumption of Innocence; Proof Beyond a Reasonable Doubt**
It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The Defendant before you, Jaime Melo, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the Defendant is guilty of the crime with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the Defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the Defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the Defendant's guilt of a particular crime, you should find him guilty of that crime.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 3.02 (updated 4/18/2016)

**No. 20 - What Is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the Defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 3.04 (updated 8/10/2007)

**No. 21 - Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Source: First Circuit Pattern Jury Instruction No. 3.06 (updated 6/14/2002)

**No. 22 - What Is Not Evidence**

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5. The indictment is not evidence. This case, like most criminal cases, began with an indictment.

You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that the Defendant has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 3.08 (updated 7/27/2007)

**No. 23 - Various Ways of Proving Knowledge**

Your decision about whether the defendant knew the essential purpose and aim of the conspiracy involves a decision about his state of mind.  It is difficult to prove directly the operation of a defendant's state of mind, although in this case, you have heard evidence, which you may or not find credible, of statements made by the defendants themselves. But in determining the defendant's state of mind, you may consider all the facts and circumstances shown by the evidence, and then make reasonable inferences from the evidence, to determine the defendant's state of mind.

Source: Adapted from L. Sand, Modern Federal Jury Instructions: Criminal, ¶56-01, Instr. 56-59 (1993).  Devitt & Blackmar, § 28.05; *United States v. Cintolo*, 818 F.2d 980, 1003 (1st Cir. 1987) (mere association not sufficient).

# PART 4 - ELEMENTS OF SPECIFIC CRIMES

## No. 24 – Conspiracy

Count One of the indictment in this case charges the Defendant conspiracy to commit two separate federal crimes—specifically, the crime of bulk cash smuggling and structuring to avoid reporting requirements. It is against federal law to conspire with someone to commit one or both of these crimes.

A conspiracy is an agreement to do something that the law forbids.  This agreement may be a tacit, mutual understanding.  It must be knowingly made, or knowingly entered into, by at least two people, who agree to violate the law by some joint or common plan or course of action.  The gist of the offense is this agreement to disobey or disregard the law to achieve some unlawful purpose.

The law refers to the objects of a conspiracy.  Here, there are two objects to the conspiracy charged in Count One: bulk cash smuggling and structuring the export of monetary instruments.

In order to prove Count One of the Indictment, the government does not have to prove that any substantive crime was committed.  It does not have to prove that anyone actually committed the crime of bulk cash smuggling and/or structuring the export of monetary instruments.

Congress made conspiring to commit these crimes a separate criminal offense.  This is because Congress believed that such collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood that crimes will be committed.

Source: Adapted from 1 L.B. Sand, Modern Federal Jury Instructions:  Criminal, ¶19.01 (1993).  See also United States v. Ledee, 772 F.3d 21, 33 (1st Cir. 2014) ("The government, however, need not produce evidence of an explicit agreement to ground a conspiracy conviction. Rather, an agreement to join a conspiracy may be express or tacit and may be proved by direct or circumstantial evidence") (internal citations and quotations omitted); United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994) (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.").

**No. 25 – Elements of the Crime of Conspiracy**

In order to satisfy its burden of proof on the conspiracy charges in Count One of the indictment, the government must prove three elements beyond a reasonable doubt:

> <u>One</u>: that the conspiracy charged in the Indictment existed; and
> <u>Two</u>: that the Defendant knowingly and intentionally joined the conspiracy;
> <u>Three</u>: that the Defendant intended that an object of the conspiracy be accomplished; and
> <u>Four</u>: that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

Put another way, the government must prove (1) that the conspiracy existed, and (2) that the Defendant joined the conspiracy knowingly and intentionally, (3) with the intent that the conspiracy succeed; and (4) that conspirator committed an overt act in furtherance of the conspiracy.

<u>Source</u>:  *See* 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19.01 (1993). <u>See</u> <u>also</u> <u>United States v. Ngige</u>, 780 F.3d 497, 503 (1st Cir. 2015) ("To make out a case of conspiracy under 18 U.S.C. § 371, the government must show the existence of an agreement with an unlawful object [ ], the defendant's knowing participation in the conspiracy, and an overt act in furtherance of that agreement").

**No. 26 – First Element: Existence of a Conspiracy**

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment.

A conspiracy is an agreement, spoken or unspoken. A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that at least two people -- known as co-conspirators -- shared a general understanding about the crime that they wanted to commit.

The government must prove beyond a reasonable doubt that the Defendant knew the essential purpose and aim of the conspiracy, that is, the unlawful object of the conspiracy, and the defendant willingly joined the conspiracy with the intent that the object be achieved. That is, the evidence must show beyond a reasonable doubt that the defendant, through some means, came to a mutual understanding with at least one other conspirator, knowingly and intentionally, to accomplish their common unlawful purpose.

In order for you to find that the charged conspiracy existed, you need not find that the alleged members of the conspiracy all met together and entered into any express or formal agreement, or even that all of the members of the conspiracy even knew each other.

Similarly, you need not find that the alleged conspirators stated, in words or writing, what their scheme was, or what their objects were. You need not find that the conspirators shared with each other every precise detail of the scheme, or the means by which the conspiracy's object were going to be accomplished.

It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a common purpose to violate the law.

A criminal conspiracy is, by its very nature, secret in its origin and in its execution. Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the defendant and at least one other member of the conspiracy, in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan. In essence, there must have been an agreement.

Since a criminal conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of the defendant's participation in it, must be proved by direct evidence. Both facts may be inferred from circumstantial evidence. The common purpose or plan may be inferred from the course of dealing between the defendant and at least one other alleged conspirator.

In determining whether a conspiratorial agreement existed, you may consider the actions and statements of all of those you find to be participants in the conspiracy as proof that a common design existed on the part of those people to act together for the accomplishment of an unlawful purpose.

But in determining whether the Defendant conspired with one or more other conspirators as charged in Counts One, you need not find that the defendant did so during the whole periods of time stated in the Indictment, or even that the charged conspiracies existed for those whole periods of time.  The Defendant need not have been a member of either or both conspiracies from beginning to end.  What must be proven beyond a reasonable doubt is that the conspiracy existed for at least some portion of the approximate time periods charged in the Indictment, and that at some point the Defendant joined the conspiracy with the intent that the conspiracy succeed.

Source:  Adapted from 1 L. Sand, Modern Federal Jury Instructions:  Criminal, ¶19-4 (1993); see also Ocasio v. United States, 136 S. Ct. 1423, 1429 (2016) ("Although conspirators must pursue the same criminal objective, a conspirator need not agree to commit or facilitate each and every part of the substantive offense. A defendant must merely reach an agreement with the specific intent that the underlying crime *be committed* by some member of the conspiracy.") (internal citations and quotations omitted); United States v. Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing:  the agreement may be express or tacit and may be proved by direct or circumstantial evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law"); United States v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient); United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st. Cir. 1989)("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances").

**No. 27 – Second Element: Membership in the Conspiracy**

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the Defendant knowingly and intentionally became a member of the conspiracy with the intent to further one or more of its unlawful purposes.

A person acts "knowingly" and "intentionally" if the person acts voluntarily, and not because of ignorance, mistake, accident or carelessness.

Proof that a Defendant simply knew about a conspiracy, or was present at times or associated with members of the group of conspirators is not enough, even if the defendant approved of what was happening or did not object to it.  Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even merely knowing about criminal conduct, does not, by itself, make someone a member of a conspiracy.  Similarly, just because a defendant may have done something that happened, coincidentally, to help a conspiracy does not make the defendant a conspirator.

Knowing and intentional participation in a criminal conspiracy, even in limited ways, and even on one single occasion, is sufficient for a conviction.

It is not necessary that the government prove that each member of a conspiracy knew the names, identities, or even the number of all of other conspirators.  Nor does the government need to prove that each member of the conspiracy knew all of the details of the conspiracy.

The Government must prove, however, that the Defendant knew the essential purpose and aim of the conspiracy and willingly participated in the conspiracy with the intent that some conspirator accomplish that unlawful purpose.  Under the law, a Defendant who knowingly and intentionally joins and participates in a conspiracy is criminally liable for the foreseeable acts of the other conspirators in furtherance of the conspiracy.

Source: Adapted from 1 L.B. Sand, Modern Federal Jury Instructions:  Criminal, ¶3A-1 (1993); See also United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994) citing United States v. Moosey, 735 F.2d 633, 635-36 (1st Cir. 1984) (upholding conviction for conspiracy even though defendant personally had not intended to, and did not, participate in the underlying substantive offense of interstate trafficking); Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy, culpability may be constant though responsibilities are divided; the government does not need to show as a precursor to a finding of guilt that a given defendant took part in all aspects of the conspiracy.")

**No. 28 – Third Element: Objects of Conspiracy**

The third element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the Defendant intended that an object of the conspiracy be accomplished. Here, there are two objects of the conspiracy: bulk cash smuggling and structuring.

In order to the find the Defendant guilty you must unanimously find beyond a reasonable doubt that the Defendant agreed to commit at least one of the objects of the conspiracy. That is, you must unanimously find beyond a reasonable doubt that the Defendant agreed that either the crime of bulk cash smuggling or structuring be committed. You may, but are not required to, find that the Defendant agreed to commit both objects of the conspiracy, but you must be unanimously as to at least one of the objects.

Although you must find beyond a reasonable doubt the Defendant specifically intended that at least one of the two objects be committed by some members of the conspiracy, you are not required to find that the Defendant agreed to commit or facilitate each and every part of the substantive offense.  Instead, the Defendant must merely reach an agreement with the specific intent that the underlying crime be committed by some member of the conspiracy.

Source: Ocasio v. United States, 136 S. Ct. 1423, 1429 (2016) ("Although conspirators must pursue the same criminal objective, a conspirator need not agree to commit or facilitate each and every part of the substantive offense. A defendant must merely reach an agreement with the specific intent that the underlying crime *be committed* by some member of the conspiracy.") (internal citations and quotations omitted); United States v. Royal, 100 F.3d 1019, 1029 (1st Cir. 1996) ("To prove voluntary participation, the government must prove that the defendant had an intent to agree and an intent to effectuate the object of the conspiracy")

**No. 29 – Fourth Element: Overt Act**

The fourth and final element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy. An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the Defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

<u>Source:</u> First Circuit Pattern Jury Instruction 4.18.371(1) (updated 6/26/2017)

**No. 30 – Elements of Bulk Cash Smuggling (31 U.S.C. § 5332(a))**

The Defendant is charged in Count Two with bulk cash smuggling in violation of Section 5332(a) of Title 31 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> <u>One</u>: that the Defendant knowingly concealed more than $10,000 in U.S. currency either on his person, in any conveyance, article of luggage, merchandise or other container;

> <u>Two</u>: that the Defendant transported or attempted to transport that U.S. currency from a place within the United States to a place outside the United States, that is Portugal;

> <u>Three</u>: that the Defendant knew that a report of the amount concealed was required to be filed with the Secretary of Treasury; and

> <u>Four</u>: that the Defendant intended to evade filing such a report.

The intent to evade the reporting requirement can arise at any time prior to (and including) the moment of transportation. It is not necessary that the Defendant have such intent at the time the concealment occurred.

I further instruction you that federal law requires individuals transporting monetary instruments of more than $10,000 at one time from the United States to a place outside the United States to file a report with the Secretary of the Treasury called a Currency and Monetary Instrument Report.

<u>Source</u>: Model Jury Instructions for the Ninth Circuit 9.45; <u>United States v. Tatoyan</u>, 474 F.3d 1174, 1180 (9th Cir.2007); 31 U.S.C. § 5332(a); 31 U.S.C. § 5316.

**No. 31 – Elements of Structuring the Export of Monetary Instruments (18 U.S.C. § 5324(c)(3))**

The Defendant is charged in Count Three with Structuring to the Export of Monetary Instruments for the purpose of evading a currency reporting requirement. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> <u>One</u>: that the Defendant structured or assisted in structuring the exportation of a monetary instrument; and

> <u>Two</u> the Defendant did so with the purpose of evading the more than $10,000 reporting requirement.

Structuring occurs when an individual alters his transaction in such a way in order to avoid a reporting requirement. As I instructed you earlier, under Title 31, United States Code, Section 5316, individuals transporting monetary instruments of more than $10,000 at one time from the United States to a place outside the United States are required to file a report with the Secretary of the Treasury called a Currency and Monetary Instrument Report.  While the government may prove the Defendant's intent and knowledge through circumstantial as well as direct evidence, the Government must prove beyond a reasonable doubt that the Defendant knew of the reporting requirements. You may also find the requisite knowledge on defendant's part by drawing reasonable inferences from the evidence of defendant's conduct.

<u>Source:</u> First Circuit Pattern Jury Instruction No. 4.31.5322 (updated 10/5/2012); 31 U.S.C. §§ 5324(c)(3) and 5316; <u>United States v. Davenport</u>, 929 F.2d 1169 (7th Cir.1991) (Structuring occurs when an individual alters his transaction in such a way in order to avoid the reporting requirement); <u>United States v. Del Toro-Barboza</u>, 673 F.3d 1136, 1145 (9th Cir. 2012) ("The facts here are circumstantial, but a case such as this rarely has direct evidence").

**No. 32 – Aiding and Abetting (18 U.S.C. § 2)**

In addition to alleging that the Defendant committed the offenses charged in Count Two (Bulk Cash Smuggling) and Count Three (Structuring the Export of Monetary Instruments), the indictment also alleges that the Defendant aided and abetted these offense.  You may find the defendant guilty if you find, beyond a reasonable doubt, that the Defendant either committed the offense or if he aided and abetted the offense. To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

One: that the substantive offense (Bulk Cash Smuggling or Structuring the Export of Monetary Instruments) was actually committed by someone;

Two: that the Defendant took an affirmative act to help or cause the substantive offense; and

Three: that the Defendant intended to help or cause the commission of the substantive offense.

The second element, the "affirmative act" element, can be satisfied without proof that the Defendant participated in each and every element of the substantive offense. It is enough if the Defendant assisted in the commission of the substantive offense or caused the substantive offense to be committed.

The third element, the "intent" element, is satisfied if the Defendant had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant can opt to walk away. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the substantive offense and knowledge that the substantive offense is being committed are also not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

Source: First Circuit Pattern Jury Instruction 4.18.02(a) (Updated 6/27/2016)

## Part 5 - Final Instructions: Deliberations and Verdict

### No. 33 - Foreperson's Role; Unanimity
I come now to the last part of the instructions, the rules for your deliberations.
When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous. 281

<u>Source:</u> First Circuit Pattern Jury Instruction 6.01 (Updated 6/14/2002)

**No. 34 - Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

<u>Source:</u> First Circuit Pattern Jury Instruction 6.02 (Updated 4/29/2013)

**No. 35 - Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Source: First Circuit Jury Instruction No. 6.03 (Updated 6/14/2002)

**No. 36 - Return of Verdict Form**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.
After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

<u>Source:</u> First Circuit Pattern Jury Instruction 6.04 (Updated 10/23/2006)

**No. 37 - Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Source:</u> First Circuit Pattern Jury Instructions 6.05 (Updated 10/5/2012)